UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES DAILEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____

Case No. 1:08-cv-245

HONORABLE PAUL L. MALONEY

Magistrate Judge Ellen S. Carmody

### OPINION and ORDER

**Adopting the R&R without Objection;
Affirming the Commissioner's Denial of Disability Benefits;
Terminating and Closing the Case**

    Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on Thursday, July 30, 2009. Under our district's local civil rules, the parties were deemed served with the R&R as soon as the Magistrate Judge filed it, because that triggered the court's Electronic Case Filing ("ECF") system to send e-mail notification to counsel that the document was available for viewing and printing. *See Van Alstine v. SSA*, 2009 WL 782297, *1 (W.D. Mich. Mar. 19, 2009) (Maloney, C.J.) ("Service of an electronically filed document on a registered attorney is deemed complete upon the transmission of an NEF [Notice of Electronic Filing] to that attorney.") (citing W.D. Mich. LCivR 5.7(d)(i)(ii)); *accord Mohsin v. Ebert*, 2009 WL 1663445, *31, – F. Supp.2d –, – (E.D.N.Y. June 15, 2009) ("This Report and Recommendation will

today be filed electronically on the docket and is therefore deemed served on the parties as of today's date."). It does not matter when the counsel served actually viewed or printed the R&R. *See White v. Wal-Mart Stores, Inc.*, 2008 WL 4186192, *3 (D.S.C. Sept. 3, 2008) ("[I]t is the transmission of the NEF, not the opening of the link, that constitutes service.") (citing local rule).

After being served with the R&R, the parties had ten days to file objections. *See Heggie v. MDOC*, 2009 WL 36612, *1 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (citing 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)). The ten days started the day after service, and weekends and holidays were excluded. *See id.* at *1 (citing FED. R. CIV. P. 6(a)(1) (a time period does not begin until the day after the event that triggers the right or obligation) and FED. R. CIV. P. 6(a)(2) (when calculating a period shorter than 11 days, exclude weekends and holidays)).

Therefore, day one of the objection period was Friday, July 31. The weekend was excluded, and days two through six ran from Monday, August 3 through Friday, August 7. The weekend was again excluded, and days seven through ten ran from Monday, August 10 through Thursday, August 13. Dailey neither filed objections nor sought an extension of time in which to do so.

> As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),
>
> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.").

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-

judge review of the R&R, but *all* district-judge review. *Nottingham v. SSA*, 2009 WL 230131, *2 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.). Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted).

Accordingly, district judges in our circuit routinely adopt any portion of an R&R, without additional written analysis, to which the parties have not timely and specifically objected.[1] *See, e.g., Heggie*

---

[1]As the Supreme Court has explained,

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." * * * Because neither party filed timely objections to [the R&R] . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Thomas*, 474 U.S. at 150). *See also Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.); *Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007) (Nugent, J.); *Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006) (Zouhary, J.) ("Neither party objected . . . . * * * Thus, the Court declines to review the Magistrate's report."); *Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (after untimely objections, court stated, "the failure to object to the

3

*v. Kuzma*, 2009 WL 594908, *2 (W.D. Mich. Mar. 6, 2009) (Maloney, C.J.) ("*Where neither party has objected to a portion of the R&R, the court will adopt that portion of the R&R without review.* * * * Heggie does not object to the premise that his complaint fails to state a claim against CMS because . . . . The complaint will accordingly be dismissed as to CMS.") (internal citations omitted, emphasis added).

In keeping with this practice, the court will adopt without opinion the R&R's determination that substantial evidence supported ALJ English's conclusion that Dailey's severe impairments – hepatitis C, lumbar degenerative disc disease, osteoarthritis of the knees, and post-traumatic stress disorder – did not render him disabled between his alleged onset date (January 1, 2003) and his date last insured (he applied on August 3, 2004). *See* R&R at 12-16.

The court also agrees with the Magistrate Judge's determination that Dailey's two items of new evidence (not presented to the ALJ or the SSA Appeals Council) do not warrant remand. *See* R&R at 10-12. First, the SSA letter showing Dailey's award of disability benefits beginning February 2008 did not warrant remand, and would not lead to a different outcome, because a disability determination covering a later period and reached on a different record is not strong evidence that Dailey was disabled during the earlier period at issue here. *See* R&R at 12. As our circuit has held,

> Evidence relat[ing] to a later time period is only minimally probative, *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987), and is only considered to the extent [that] it illuminates a claimant's health before the expiration of his or her insured status. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

*Jones v. SSA*, No. 96-2173, 121 F.3d 708, 1997 WL 413641, *1 (6th Cir. July 17, 1997) (p.c.)

---

magistrate judge's report releases the Court from its duty to independently review the motion.").

(Martin, Ryan, Batchelder). *Cf., e.g., Kruger v. SSA* 2008 WL 4283549, *3 (W.D. Mich. Sept. 12, 2008) (Wendell Miles, J.) ("Plaintiff has failed to explain the legal relevance of the decision to award her SSI benefits on a subsequent application presumably covering a much later period. Therefore, the court concludes that this subsequent award does nothing to alter review of the decision on plaintiff's earlier application for disability benefits.") (footnote 4 omitted); *Hassan v. SSA*, 2008 WL 3539947, *8 (E.D. Mich. Aug. 12, 2008) (O'Meara, J.) ("While the later-submitted material is 'new,' the records, created in July 2006 and forward, do not pertain to the period before the March 4, 2006 administrative decision and are thus immaterial to this claim.") (citing *Sizemore v. HHS*, 865 F.2d 709, 712 (6th Cir. 1988)); Dailey has not presented any strong reason to believe that such generally minimally-probative evidence would likely lead to a different outcome on remand.

Second, the October 30, 2007 letter from an employee with the state government's "Michigan Works" program – which stated that "it is highly unlikely [plaintiff] would be able to secure and maintain long[-]term employment" – was not written by a licensed medical professional, nor does it contain or cite any medical evidence or opinion to assert its conclusory assertion. *See* R&R at 11. "[L]ay opinion must be given 'perceptible weight' [only] where it is supported by medical evidence." *Allison v. SSA*, No. 96-3261, 108 F.3d 1376, 1997 WL 103369, *3 (6th Cir. Mar. 6, 1997) (Kennedy, Nelson, 8th Cir. J. Godbold) (citing *Lashley v. HHS*, 708 F.2d 1048, 1054 (6th Cir. 1983) ("'Perceptible weight' must be given to lay testimony where it is fully supported by the reports of the treating physicians.")). *See, e.g., Kita v. SSA*, 2009 WL 1462252, *5-6 (W.D. Mich. May 18, 2009) (Maloney, C.J.) (with regard to Social Security Field Office worker's notes that plaintiff's "memory seems impaired" and "there may be some kind of closed head injury or some

5

type of mental impairment," court noted the lack of "any authority suggesting that the ALJ was obligated to accord *any* weight to these comments by a layperson under the circumstances.") (citations omitted); *M.R. v. Astrue*, 2009 WL 1139567, *6 (E.D. Tenn. Apr. 27, 2009) (J. Ronnie Greer, J.) (plaintiff complained that the ALJ did not give enough weight to the opinion of Chandley, a teacher/ development specialist with State's Infant-Parent Services agency, that plaintiff had "extreme" limitation of his motor skills, and court responded, "Chandley, while no doubt knowledgeable in her field, is not a physician and the various treatment notes of the vast majority of the plaintiff's treating physicians offer no support for a finding of any extreme limitation.").

**ORDER**

Accordingly, having reviewed the complaint, the parties' briefs before the Magistrate Judge, the R&R, and the applicable law:

The well-reasoned R&R [document # 17] is **ADOPTED**.

The complaint is **DISMISSED**.

The Commissioner's denial of the plaintiff's claim for SSI benefits under Title XVI of the Social Security Act is **AFFIRMED**.

A separate judgment will issue as required by FED. R. CIV. P. 58.

This case is **TERMINATED** and **CLOSED**.

This is a final order, but the plaintiff's failure to file timely objections effects waiver of his right to appeal. *See Morrow v. SSA*, 2009 WL 891706, *1 (W.D. Mich. Mar. 31, 2009) (Robert Holmes Bell, J.) and *Southall v. City of Grand Rapids*, 2008 WL 3739163, *3 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) and *Sarampote v. White*, 2009 WL 125036, *8 (W.D. Mich. Jan. 16, 2009)

(Quist, J.) and *Robinson v. Bergh*, 2009 WL 33479, *4 (W.D. Mich. Jan. 5, 2009) (Edgar, J.) (all citing *Thomas* and *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).

**IT IS SO ORDERED** this 18th day of August 2009.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge